WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew N. Milsap, | ) |
| | ) |
| Plaintiff, | )   No. CIV 06-0209 PHX RCB |
| | ) |
| vs. | )           O R D E R |
| | ) |
| Republic Western Ins. Co., | ) |
| | ) |
| Defendant. | ) |

Currently pending before the court are two motions: "Defendant Republic Western Insurance Company's ["Republic"] Second Motion to Dismiss" (doc. 20); and (2) Republic's "Second Request for Summary Disposition" (doc. 21). For the reasons set forth below, the court grants the former motion, but denies the latter.

### *Background*

On December 18, 2006, the court dismissed nearly all of the claims by *pro se* plaintiff, Andrew N. Milsap. See Doc. 19 ("Milsap I"). In the penultimate paragraph of Milsap I the court explicitly "ORDER[ED] that if plaintiff desires to proceed with

this action, he must file and serve his second amended complaint within thirty (30) days of the date of this order and such amended complaint must be in full conformity with the court's ruling herein[.]" Id. at 36, ¶ (9).  To date, plaintiff has not complied with that order.

In the meantime, on February 15, 2007, Republic filed its Second Motion to Dismiss, which is directed to the only remaining claim against it -- a claim based upon Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq*. ("ADA"). On the merits, Republic argued that dismissal is mandated for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff is seeking only monetary damages; and such relief is not available under Title III of the ADA.  Alternatively, Republic sought dismissal on the procedural grounds that plaintiff had not complied with Milsap I because by filing his second amended complaint within 30 days of the date thereof (*i.e.* by approximately Jan. 20, 2007).  Plaintiff never responded to this motion, even though the time to do so has long since passed.[1]

On March 14, 2007, Republic filed a "Second Request for Summary Disposition," wherein it sought an "Order Summarily granting Defendant's Second Motion to Dismiss[]" because, as just noted, plaintiff failed to respond to that motion. Doc. 21.  Local Rule 7.2(I) is the basis for this particular motion.  That Rule provides in relevant part that "if the unrepresented party . . .

---

[1] In accordance with Local Rule 7.2©, "[t]he opposing party shall, . . . , have ten (10) days after service in a civil . . . case within which to serve and file a responsive memorandum[]" in opposition to a Rule 12(b)(6) motion to dismiss such as this.

does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(I). As with Republic's Second Motion to Dismiss, Plaintiff never responded to this motion.

### *Discussion*

### I. "Second Motion to Dismiss"

Plaintiff's failure to comply with the court's order in Milsap I could provide a sufficient basis for granting Republic's Second Motion to Dismiss. See Grimes v. Barnhart, 2006 WL 294801, at *4 (N.D.Cal. Feb. 7, 2006) (citing Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 16:429.20)("[T]he court has inherent power to dismiss for . . . failure to comply with court orders.") In a similar vein, as noted above, pursuant to LRCiv 7.2(I), plaintiff's failure to respond could provide a sufficient basis for granting this motion.

Given plaintiff's *pro se* status, however, the court has opted to address the merits of Republic's dismissal motion, albeit not extensively. The only damages which plaintiff seeks in his Amended Complaint are monetary; he is seeking $800,000.00. Doc. 11 at 7. Republic accurately asserts, however, that monetary damages are not available under Title III of the ADA. The ADA is clear on this point. Because "[o]ne of the purposes of the ADA is to provide people with disabilities *access* to places of public accommodation[,] . . . [i]n an effort to achieve this goal as quickly as possible, Congress created a cause of action for private individuals, but limited the remedies available under that cause of action to 'preventative' or equitable relief." Fischer v. SJB-P.D.

-3-

1  Inc., 214 F.3d 1115, 1120 (9th Cir. 2000) (quoting 42 U.S.C.
2  § 12188(a)(1)) (footnote omitted) (emphasis in original).
3  "*Monetary relief is not an option for private individuals* under
4  Title III of the ADA."  Id. (citing 42 U.S.C. § 12188(a)(1))
5  (emphasis added).  The only time an aggrieved person is allowed to
6  recover monetary damages under that Title is when a discrimination
7  case is brought by the Attorney General.  42 U.S.C. § 12188(b)
8  (West 2005).  Obviously, this is not such a case.  Consequently,
9  because the only relief which plaintiff Milsap is seeking is
10 monetary, and because such relief is not recoverable under Title
11 III of the ADA, Republic is entitled to dismissal for failure to
12 state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### *II.  "Second Request for Summary Disposition"*

14     Granting Republic's Second Motion to Dismiss on the merits,
15 renders moot Republic's "Second Request For Summary Disposition"
16 for failure to comply with LRCiv 7.2(I).  Accordingly, the court
17 denies this motion (doc. 21) as moot.

### *Conclusion*

19     For the reasons set forth above,
20     It Is hereby ORDERED that defendant Republic Western Insurance
21 Company's Second Motion to Dismiss (doc. 20) is GRANTED; and
22 accordingly, plaintiff Andrew N. Milsap's Amended Complaint (doc.
23 11) is dismissed in its entirety as against defendant Republic; and
24     It Is FURTHER ORDERED that defendant Republic Western
25 Insurance Company's Second Request for Summary Disposition is
26 DENIED as moot (doc. 21).
27     The Clerk of the Court is directed to enter judgment in
28 accordance herewith.

1       DATED this 25th day of June, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to plaintiff, *pro se*, and counsel of record

- 5 -